IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUKHPREET JALLI aka<br>PRINCE JALLI,<br>    Plaintiff, | §<br>§<br>§<br>§ | |
| V. | § | CIVIL ACTION NO. 4:17-cv-1293 |
| AMINA & ISMAIL, INC. and<br>MOHAMMAD RAFIQUE<br>MADHUPURWALA<br>    Defendants. | §<br>§<br>§<br>§<br>§ | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §201 *et seq.* ("FLSA"). This action is brought to recover unpaid minimum wages and overtime compensation, liquidated damages, costs, and attorney's fees owed to Plaintiff Sukhpreet "Prince" Jalli ("Plaintiff"), by Defendants Amina & Ismail, Inc. and Mohammad Rafique Madhupurwala.

## Parties

1. Plaintiff Sukhpreet "Prince" Jalli ("Jalli") is a former employee of the Defendants, as that term is defined by the FLSA, and is represented by the undersigned.

2. Defendant Amina & Ismail, Inc. ("A&I") is a Texas corporation that was an "employer" of Jalli as that term is defined by the FLSA. With respect to Plaintiff, A&I is subject to the provisions of the FLSA. A&I was at all relevant times an enterprise engaged in interstate commerce with gross annual revenues in excess of $500,000. Defendant A&I may be served with process through its registered agent, Mohammad Rafique Madhupurwala at 10414 Richmond Avenue, Houston Texas 77042 or wherever he may be found.

3. Defendant Mohammad Rafique Madhupurwala ("Madhupurwala") is an individual who was also an "employer" of Jalli as that term is defined by the FLSA. With

respect to Plaintiff, Rafique is subject to the provisions of the FLSA, operating an enterprise engaged in interstate commerce with gross annual revenues in excess of $500,000. Madhupurwala was a person who determined and directly controlled the employee compensation policies of A&I. Defendant Mohammad Rafique Madhupurwala may be served with process at 10414 Richmond Avenue, Houston Texas 77042 or wherever he may be found.

## Jurisdiction and Venue

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

## Factual Allegations

5. Jalli was employed by the Defendants as a cashier from May 24, 2016 to April 2,

2017. Jalli's duties included, but were not limited to, selling gasoline, snacks and other merchandise to customers, operating the register to take and process payments from customers and stocking and shelving merchandise at the store. Plaintiff regularly worked more than 40 hours a week throughout his employment with Defendants. Jalli was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40. In other words, throughout Jalli's employment with Defendants, Defendants failed to pay him the overtime premium required by the FLSA. He was paid the same hourly rate for all hours he worked, regardless of how many hours he worked in a week.

6. Mohammad Rafique Madhupurwala is the owner of Amina & Ismail, Inc. and has the ability to affect the daily conditions of employment of the company's employees. Madhupurwala hired, fired and set pay policies and structures for employees. Madhupurwala is thus "employer" of Plaintiff under the terms and definitions of the FLSA, and is liable to Plaintiff for the damages sought herein.

7. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff was not an "exempt" employee.

8. Defendants are liable to Plaintiff under the FLSA for all unpaid minimum wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs. Due to the knowing and willful conduct of Defendants in violating the FLSA, Plaintiff is entitled to recover unpaid minimum wages, overtime compensation and liquidated damages for a period of three years prior to their appearance in this matter.

**CAUSES OF ACTION**

**First Cause of Action: Violation of the FLSA – Failure to Pay Minimum Wage**

9. Plaintiff incorporates all previous averments of fact into this First Cause of Action. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff for work performed in the employ of the Defendants.

10. Plaintiff has suffered damages as a direct result of Defendants' illegal actions.

11. Defendants failed to pay Plaintiff for the last full week that Plaintiff worked.

12. Defendants are required by the FLSA to pay Plaintiff a minimum wage of $7.25 per hour.

13. Defendants failed to pay Plaintiff the minimum wage and instead paid Plaintiff zero dollars for any work.

14. Defendants are liable to Plaintiff under the FLSA for all unpaid minimum wages and overtime compensation, liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

15. Plaintiff sues Defendants for violation of the minimum wage and seeks recovery of damages, liquidated damages, attorney's fees and costs.

**Second Cause of Action: Violation of the FLSA: Failure to Pay Overtime Premium**

16. Plaintiff incorporates all previous averments of fact into this Second Cause of Action. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff for work performed in the employ of the Defendants.

17. Plaintiff worked, with the full knowledge and to the benefit of Defendants, more than 40 hours during work weeks.

18. Defendants paid Plaintiff a straight hourly wage for each hour worked.

19. Defendants knew or should have known that Plaintiff was entitled by law to an overtime premium for every hour worked over 40 in any given work week.

20. Defendants willfully refused to play Plaintiff the overtime premium.

21. Plaintiff has been damaged by Defendants' intentional failure to pay Plaintiff the overtime premium for hours worked over forty.

22. Defendants are liable to Plaintiff under the FLSA for all unpaid overtime premium, liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

23. Plaintiff sues Defendants for violation of the overtime provisions of the FLSA and seeks recovery of damages, liquidated damages, attorney's fees and costs.

## Jury Demand

24. Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff demands:

1. Judgment against Defendants for an amount equal to Plaintiff's unpaid overtime wages at the applicable rates;
2. Judgment against Defendants that their violations of the FLSA were willful;
3. An amount equal to the actual damages as liquidated damages;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to amend to add claims under applicable state laws; and
7. For such further relief as the Court deems just and equitable.

    Respectfully Submitted,

    **THE BUENKER LAW FIRM**

    */s/ Josef F. Buenker*
    Josef F. Buenker
    TBA No. 03316860
    jbuenker@buenkerlaw.com
    2060 North Loop West, Suite 215
    Houston, Texas 77018
    713-868-3388 Telephone
    713-683-9940 Facsimile
    **ATTORNEY-IN-CHARGE FOR**
    **PLAINTIFF SUKHPREET "PRINCE" JALLI**

**OF COUNSEL:**
Thomas H. Padgett, Jr.
TBA No. 15405420
tpadgettlaw@gmail.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR PLAINTIFF**
**SUKHPREET "PRINCE" JALLI**